

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA AARON BELL | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:05cv283LG-RHW |
| JAMES JOHNSTON | DEFENDANT |

### MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, a pre-trial detainee at the Harrison County Adult Detention Center, Gulfport, Mississippi, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. The only named Defendant is James Johnston, a private citizen and property owner. Plaintiff seeks monetary damages as relief.

### Background

The Plaintiff alleges that the Defendant has "pressed false charges against me having me wrongfully incarcerated over a civil matter." *Complaint* at pg. 5. The Plaintiff states that he has been charged with malicious mischief as a result of some damage to the Defendant's rental property. The Plaintiff claims that the Defendant has used the criminal justice system in an attempt to extort money from him and his family. The Plaintiff was directed to file an amended complaint to state how the Defendant "acted under color of state law" when he allegedly violated the Plaintiff's constitutional rights. The Plaintiff alleges in his amended complaint that the Defendant is in the position of a prosecuting authority and in fact, is the "sole prosecuting authority causing the state to move on criminal charges against me over a civil matter." *Amended Complaint* at pg. 1. Further, the Plaintiff asserts that the Defendant has slandered his name.

### Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Since the plaintiff was granted *in forma pauperis* status in this action, the Court has

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune from such relief.

2

reviewed the complaint prior to service of process and for the reasons set forth below, determined that this complaint is legally frivolous.

In order to have a viable claim under 42 U.S.C. § 1983, a Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). The United States Supreme Court concluded that, in order to act under color of state law, the Defendant in a section 1983 action must have exercised power which the Defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law. *West*, 487 U.S. at 49 (*citing United States v. Classic*, 313 U.S. 299, 326 (1941)). The Defendant is not the prosecutor of these charges, it appears he is the owner of the rental property where the alleged offense occurred. The prosecutor or the person with the authority to decide whether or not to pursue criminal charges is "immune from liability in suits under § 1983 for acts that are an integral part of the judicial process." *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir.1990)(*citing Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979). The decision to file or not file criminal charges does not fall within the category of acts that will give rise to section 1983 liability. *Id., citing Williams v. Hartje*, 827 F.2d 1203, 1209 (8th Cir.1987)); *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979). As such, the Plaintiff can not maintain this action against the named Defendant.

Furthermore, addressing the Plaintiff's claims of slander, the Court finds that "injury to reputation alone does not give rise to section 1983 liability." *Id., citing Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir.1988). Therefore, this action is legally frivolous and will be dismissed.

3

Conclusion

As explained above, the Court finds this complaint should be dismissed as legally frivolous pursuant to the Prison Litigation Reform Act [PLRA], 28 U.S.C. § 1915(e)(2)(B)(i), with prejudice. Because this case will be dismissed pursuant to this provision of the PLRA, it will be counted as a "strike".[2] If the Plaintiff receives "three strikes", he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue this date.

**SO ORDERED AND ADJUDGED** this the 19th day of July, 2005.

s/ Louis Guirola, Jr.
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.